IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH MCKINLEY JACKSON, #174748, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:23-cv-2-ECM-JTA ) |
| ROLANDA CALLOWAY and STEVEN T. MARSHALL, | ) ) ) ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Keith McKinley Jackson[1], proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (*See* Doc. No. 1.) Thereafter, at the Court's direction, Petitioner filed an application for leave to proceed *in forma pauperis*. (Doc. Nos. 3, 4.) Petitioner's filings did not contain a copy of his prison account statement reflecting the balance in his prison account at the time he filed his Petition, which is necessary for the Court to determine whether he is eligible to proceed without first paying the filing fee. Thus, on January 26, 2023, the Court issued an Order extending the deadline for Petitioner to file his account statement to February 8, 2023. (Doc. No. 5.) The Court specifically

---

[1] Petitioner filed a Notice to the Court stating that his true name is Keith McKinley Knowles Khadir Bey and that Keith McKinley Jackson is a misclassification, misidentification, and false designation given to him "by persons of the Union States Society, USA." (Doc. No. 7.) However, because Petitioner specifically provides in his Petition that he was convicted under the name Keith M. Knowles Jackson (Doc. No. 1 at 1), accompanying documents all refer to Petitioner as Keith M. Knowles Jackson or Keith McKinley Jackson (Doc. Nos. 1-1 through 1-11), and the Alabama Department of Corrections lists Petitioner's name as Keith McKinley Jackson in its system (http://doc.state.al.us/InmateHistory), the Court will continue to address Petitioner by that name.

cautioned Petitioner that failure to comply with the January 26 Order would result in a Recommendation that this case be dismissed. (*Id.* at 1.) However, more than a month has passed since the extended deadline, and Petitioner has not filed an account statement.

Nearly three weeks after the extended deadline, on February 27, 2023, the Court received a Notice from Petitioner indicating, among other things, that he sent a request slip to the business office at Elmore Correctional Facility seeking a copy of his account statement. (Doc. No. 8.) However, the request slip he attached to his Notice was signed in November of 2022, long before he filed this action, and indicates that a prison official responded to his request and directed him to send the business office papers and a self-addressed envelope. (Doc. No. 8-1.) In his Notice, Petitioner does not indicate an intent to comply with that instruction or follow up with the business office, and he does not seek additional time to do so; instead, he argues that, as a self-proclaimed sovereign citizen, he is entitled to free access to the Court and "authorize[s]" the undersigned Magistrate Judge "to discharge any and all debts and charges" for this case. (Doc. No. 8 at 2.) However, Petitioner is mistaken that he is exempt from filing his account statement based on his purported sovereign status; as with all parties, he is subject to the rules of this Court as well as the applicable federal laws permitting indigent individuals to proceed *in forma pauperis*.[2]

---

[2] *See* 28 U.S.C. § 1914 (providing that "[t]he clerk of each district court shall require the parties instituting any civil action, suit[,] or proceeding in such court" to pay a filing fee and that the court "may require advance payment of fees"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (finding defendant's argument that he was a not a United States citizen and thus not subject to the jurisdiction of the United States "completely without merit" and "patently frivolous"); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991) (finding defendant's argument that he was not a citizen of the United States and thus not subject to federal law "simply wrong"); *Hunter v. Florida*, Case No. 1:15-cv-276, 2016 WL 6138463,

Because Petitioner has failed to comply with the Court's orders to file his prison account statement and because his recent filings indicate that he has no intention of doing so, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Petitioner has failed to comply despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that:

1.  Petitioner's application for leave to proceed *in forma pauperis* (Docs. No. 3, 4) be DENIED; and

2.  This case be DISMISSED without prejudice.

---

at *2 (N.D. Fla. Apr. 5, 2016) (finding self-proclaimed sovereign citizen was nevertheless subject to court rules and applicable federal laws and statutes); *Rice v. City of Boise City*, Case No. 1:13-cv-441, 2013 WL 6385657, at *2 (D. Idaho Dec. 6, 2013) (finding plaintiff's assertions that he was a sovereign citizen and not required to pay the court's filing fee meritless).

It is further ORDERED that, by March 28, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of March, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE