IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH MCKINLEY JACKSON, #174748, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIVIL ACT. NO. 2:23-cv-2-ECM ) (WO) |
| ROLANDA CALLOWAY, *et al.*, | ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION and ORDER**

On March 13, 2023, the Magistrate Judge entered a Recommendation that the petition for writ of habeas corpus be dismissed without prejudice and the Petitioner's application for leave to proceed *in forma pauperis* be denied. (Doc. 9). On March 27, 2023, the Petitioner filed a Lawful Notice (doc. 10) which the Court construes as objections to the Recommendation. The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. For the reasons that follow, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the petition for writ of habeas corpus is due to dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter

to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review.  *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).  Otherwise, a Report and Recommendation is reviewed for clear error.

   The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections.  To the extent the Petitioner makes conclusory assertions that he is entitled to relief but does not point to any legal error committed by the Magistrate Judge, his general objections are reviewed for clear error, and are due to be overruled.

   However, the Petitioner raises one objection to the Magistrate Judge's recommendation that is sufficiently specific to warrant *de novo* review.  Specifically, the Petitioner asserts that he "requested a signed copy of P.M.O.D. account from Elmore Correctional Facility," (doc. 10-1 at 3), and he attaches a transaction report from the Alabama Department of Corrections.  (Doc. 10-2).  It is unclear what the transaction report purports to be.  It indicates that no co-pay was charged but it contains an effective date of

February 15, 2023, and a transaction date of February 27, 2023. (*Id.*). This document does not provide the Court with the necessary information to evaluate his motion to proceed *in forma pauperis*.

The Petitioner filed his petition for habeas corpus relief on January 4, 2023. (Doc. 1). On January 9, 2023, the Court ordered the Petitioner to either pay the $5.00 filing fee or "file an affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by *relevant financial information from the inmate account clerk*." (Doc. 2) (emphasis added). On January 26, 2023, the Magistrate Judge specifically advised the Petitioner that

> [a]lthough he has submitted an application to proceed *in forma pauperis* (*see* Doc. No. 3), the Court has not yet received a copy of his prison account statement *reflecting the balance in his prison account when he filed his § 2254 Petition*, which is necessary to determine whether Petitioner is eligible to proceed without first paying the filing fee.

(Doc. 5) (alteration and emphasis added). The Magistrate Judge gave the Petitioner additional time to comply with her order. To date, the Petitioner has failed to comply with the orders of the Court to provide the requisite financial information regarding the balance of his prison account when he filed his petition.

Accordingly, upon an independent review of the file in this case and for good cause, it is

ORDERED that as follows:

1. the Petitioner's objections (doc. 10) are OVERRULED;

3

2.  the Recommendation of the Magistrate Judge (doc. 9) is ADOPTED;

3.  the Petitioner's motions to proceed *in forma pauperis* (docs. 3 and 4) are DENIED; and

4.  this case is DISMISSED without prejudice for the Petitioner's failure to comply with the Court to provide the requisite financial information regarding the balance of his prison account when he filed this petition.

DONE this 25th day of April, 2023.

                                              /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE